IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | <u>I N D I C T M E N T</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | **1 : 19  CR  760** |
| v. | ) | CASE NO. _____ |
| | ) | Title 18, United States Code, |
| LAURA L. SMITH | ) | Section 1001(a)(2) |
| | ) | |
| | ) | |
| Defendant. | ) | JUDGE POLSTER |

<u>GENERAL ALLEGATIONS</u>

At all times material and relevant to this Indictment:

1.      East Cleveland Municipal Court ("ECMC") was a municipal court in East Cleveland, Ohio.

2.      Defendant LAURA L. SMITH was employed by ECMC as an administrative assistant to the ECMC judge.

3.      The Federal Bureau of Investigation ("FBI") was conducting an investigation into a purported robbery of $17,977.77 in cash and checks from LAURA L. SMITH at gunpoint while she was in the parking lot of U.S. Bank on September 6, 2018.

4.      On September 6, 2018, Defendant reported to the East Cleveland police department that she had been robbed at gunpoint by an unknown suspect.   Smith told East Cleveland police officers that as she was getting out of her jeep to make a deposit from ECMC at the U.S. Bank at 1813 Forest Hills Boulevard in East Cleveland, Ohio, an unknown man robbed her at gunpoint.   Per a representative of the ECMC, the deposit consisted of three envelopes containing $17,977.77 in cash and checks.

COUNT 1
(False Statements to Law Enforcement, 18 U.S.C. § 1001(a)(2)

The Grand Jury charges:

5.      Paragraphs 1 through 4 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

6.      On or about May 22, 2019, in the Northern District of Ohio, Eastern Division, Defendant knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to Federal Bureau of Investigation employees, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is: when asked about the stops made by Defendant when she traveled from the East Cleveland Municipal Court to U.S. Bank, Defendant said she had made none. Defendant well knew this statement was false, as video surveillance showed that she stopped in a McDonald's parking lot for approximately seven minutes, before arriving at U.S. Bank, in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 2
(False Statements to Law Enforcement, 18 U.S.C. § 1001(a)(2)

The Grand Jury further charges:

7.      Paragraphs 1 through 4 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

8.      On or about May 22, 2019, in the Northern District of Ohio, Eastern Division, Defendant knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to Federal Bureau of Investigation employees, in a matter within the

2

jurisdiction of the executive branch of the Government of the United States, that is: when asked about the parking spot she used at U.S. Bank, Defendant said the spot she chose was the only one available, and that it was the only spot she ever used. Defendant well knew this statement was false, as video surveillance showed that other parking spots were available and that she had previously parked in different parking spots on prior occasions, in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 3<br>(False Statements to Law Enforcement, 18 U.S.C. § 1001(a)(2)

The Grand Jury further charges:

9        Paragraphs 1 through 4 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

10.   On or about May 22, 2019, in the Northern District of Ohio, Eastern Division, Defendant knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to Federal Bureau of Investigation employees, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is: when asked about her cell phone use during her trip from East Cleveland Municipal Court ("ECMC") to U.S. Bank, Defendant said she was not talking on her cell phone while she was driving from ECMC to U.S. Bank. Defendant well knew this statement was false, as cell phone records showed that she used her cell phone for approximately 15 minutes as she traveled

from ECMC to U.S. Bank, in violation of Title 18, United States Code, Section

1001(a)(2).

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government

Act of 2002.

4